# SUPREME COURT

OF THE

## STATE OF NEVADA.

## JULY TERM, 1886.

[No. 1239.]

F. A. A. FREVERT ET AL., RESPONDENTS, *v.* S. T. SWIFT, APPELLANT.

JUDGES—DISQUALIFICATION—ACTS VOID.—Acts of a judge, involving the exercise of judicial discretion, in a case where he is disqualified from acting, are not voidable only, but void.

IDEM—NEW TRIAL.—A judge who is disqualified from hearing a case cannot extend the time within which to file a statement on motion for a new trial.

APPEAL from the District Court of the Second Judicial District, Ormsby County.

The facts are stated in the opinion.

*A. C. Ellis* and *J. R. Judge*, for Appellant:

*Clarke & King*, for Respondents:

By the Court, HAWLEY, J.:

The judge of the third judicial district court, who tried this cause, overruled defendant's "motion for a new trial upon the ground that no statement on motion for a new trial had been filed within the time required by law." The notice of motion for a new trial was filed and served October 14, 1885, and thereafter, on the seventeenth of October, the judge of the second judicial district court, "who was disqualified to try said cause," made an order extending the time in which to file and serve said statement on motion for a new trial. If this order extending the time is valid, then the statement was filed within time. If it was invalid, the order refusing a new trial must be affirmed.

The statute of this state declares that "a judge shall not act as such in an action or proceeding,  *  *  *  when he has been attorney or counsel for either party in the action or proceeding; but this section shall not apply to the arrangement of the calendar or the regulation of the order of business." (Gen. Stat. 2464.) Under the provisions of this statute a judge "who is disqualified to try the cause" is only authorized to make such formal orders as may be necessary for the arrangement of the calendar, or regulation of the order of business, so that the cause can be tried, or judicial acts relating thereto performed, by a judge who is qualified to try the cause.

At common law any action upon the part of a judge interested in the cause was regarded as an error or irregularity, to be corrected by a reversal of his judgment; "but the general effect of the statutory prohibitions in the several states is undoubtedly to change the rule of the common law so far as to render those acts of a judge involving the exercise of judicial discretion, in a case wherein he is disqualified from acting, not voidable merely, but void." (Freem. Judg., sec. 146; *People* v. *De La Guerra*, 24 Cal. 73; *Estate of White*, 37 Cal. 190; *In re Cottle*, 5 Pick. 483; *Coffin* v. *Cottle*, 9 Pick. 292; *Hall* v. *Thayer*, 105 Mass. 219;[1] *Converse* v. *McArthur*, 17 Barb. 411; *Schoonmaker* v. *Clearwater*, 41 Barb. 200; *Chambers* v. *Clearwater*, 1 Keyes, 310; *Darling* v. *Pierce*, 15 Hun, 546; *Reams* v. *Kearns*, 5 Cold. 217; *State* v. *Castleberry*, 23 Ala. 85; *Chambers* v. *Hodges*, 23 Tex. 105; *Gains* v. *Barr*, 60 Tex. 676; *Lacy* v. *Barrett*, 75 Mo. 469.)

[1] 7 Am. Rep. 513.

The statement not having been filed within the time required by law cannot be considered unless this objection has been waived by plaintiffs. It was not waived by the acceptance of the statement. Without examining the statement, plaintiffs could not determine whether the order extending the time was made by the judge who tried the cause or not, and the objection could not be made until such fact was determined. The record shows that after the filing and service of the statement on motion for new trial, plaintiffs applied to the judge, who was disqualified to try said cause, for an order granting additional time in which to prepare, file, and serve amendments to the statement on motion for new trial. It is further shown by the certificate of the clerk that no amendments were proposed. The application to the judge, who was disqualified, might as well have been made to a stranger having no authority to act. If it had been granted, the order would have been absolutely null and void. Under these circumstances, the case must be treated as if no application had been made for any extension of time to file amendments. Conceding, therefore, for the purposes of this opinion, that the failure to file a statement within the time required by law might be waived by the opposite party proposing amendments to the statement (Hayne, New Trial, sec. 145, p. 394), it would not avail appellant in this case, because no amendments were proposed, and no application to file any amendments was made, to any person authorized to grant the same.

The action of the court in denying a new trial, upon the ground that no statement on motion for a new trial had been filed within the time required by law, must be sustained.

The judgment of the district court is affirmed.