[S. F. No. 4218.    Department One.—January 19, 1907.]

## ELIZABETH D. JOHNSON, Respondent, v. GERMAN AMERICAN INSURANCE COMPANY, Appellant.

BILL OF EXCEPTIONS—FAILURE TO SERVE IN TIME—ABSENCE OF RELIEF—REVIEW UPON APPEAL.—Upon appeal from the judgment and from an order denying a new trial, where the record shows that the bill of exceptions used on the motion for a new trial was not prepared and served in time, and shows no relief from the default, the bill of exceptions cannot be considered on either appeal.

ID.—CONSTRUCTION OF CODE AS TO EXTENSION OF TIME—POWER OF JUDGE OF COUNTY—PROHIBITION.—Section 1054 of the Code of Civil Procedure allowing an extension of time by the judges of the superior court of the county must be construed subject to the express prohibition of section 170 of that code, that no disqualified judge shall act.

ID.—VOID ORDER EXTENDING TIME—DISQUALIFICATION OF JUDGE.—An order extending the time in which to prepare and serve the bill of exceptions to be used on the motion for a new trial, made by a judge who was disqualified to act, under section 170 of the Code of Civil Procedure, as the same existed prior to its amendment in 1905, was absolutely void, wherever brought in question, and could not operate to relieve from failure to serve the bill of exceptions within the time otherwise limited.

ID.—ABANDONMENT OF APPLICATION FOR RELIEF.— ACQUIESCENCE IN RULING OF COURT.—Where a bill of exceptions settled on the hearing of a motion to dismiss the proceedings for a new trial shows that appellant made a conditional motion to be relieved from its failure

to serve its proposed statement.in time, ''if there was such failure,'' upon the ground of mistake, inadvertence, and excusable neglect, supported by an affidavit not contained in the record, and that the court never ruled upon such conditional motion, but denied the motion solely on the ground that there was no default, the appellant, by acquiescence in this action of the court, and omission to except to the failure to rule upon the motion for relief, and voluntarily submitting the motion for a new trial upon the record as it then existed, waived and abandoned the motion for relief under section 473 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of San Mateo County and from an order denying a new trial. Hiram D. Tuttle, Judge presiding.

The facts are stated in the opinion of the court.

Corbet & Goodwin, and E. F. Fitzpatrick, for Appellant.

Charles S. Peery, and Galpin & Bolton, for Respondent.

ANGELLOTTI, J.—This is an appeal from a judgment in favor of plaintiff and from an order denying a motion for a new trial in an action brought and tried in the superior court of San Mateo County upon a policy of insurance against loss by fire.  The only matters discussed in appellant's brief are as to the insufficiency of the evidence to justify the verdict, and instructions given to the jury.  It was attempted to present the .questions so discussed by bill of exceptions settled for use on the motion for a new trial.  It is claimed that appellant's proposed bill of exceptions on motion for a new trial was not served within the time provided by law, and, therefore, could not be considered on the motion for new trial, and cannot be considered on the appeal from the order denying such motion, or on the appeal from the judgment.  This objection was never waived by plaintiff.  Upon this ground plaintiff objected to the hearing of the motion for a new trial in the lower court, and moved to dismiss all proceedings thereunder, but the court refused to dismiss on this ground, heard the motion for a new trial, and denied it.  If there was no bill of exceptions which could be considered on the motion for a new trial, the order denying the new trial must be affirmed, for otherwise no error is shown in the action of the lower court. The same is true as to the judgment appealed from.

CL Cal.—22

We can see no good answer to the claim that appellant's proposed bill of exceptions was not served in time. Concededly it was not served in time unless an order attempted to be made granting appellant an extension of time within which to serve it was valid. This order was made September 7, 1904, by the judge of the superior court of San Mateo County. By reason of the fact that said judge was related to an attorney for appellant by affinity within the third degree, he was, by express provision of statute, prohibited from sitting or acting as judge in the case, and for this reason a judge of the superior court of Santa Clara County had presided at the trial of said action.

The language of our statute upon the subject (Code Civ. Proc., sec. 170), as it existed at the time of this order and until the amendment of 1905, was, so far as is here material: "No justice, judge, or justice of the peace shall sit or act as such in any action or proceeding: . . . 2. When he is related to either party, . . . or to an attorney, counsel, or agent of either party, by consanguinity or affinity, within the third degree, computed according to the rules of law. . . . But the provisions of this section shall not apply to the arrangement of the calendar, or to the regulation of the order of business, nor the power of transferring the action or proceeding to some other court, or the hearing upon such affidavits and counter affidavits," (affidavits alleging and denying bias or prejudice). The statute thus expressly stating the exceptional matters as to which a disqualified judge may act, it must be taken as specifying all such matters, and as absolutely prohibiting the disqualified judge from performing any judicial act not included in the exceptions designated. (See *People* v. *De la Guerra,* 24 Cal. 77; *Estate of White,* 37 Cal. 190, 192.) The making of an order under section 1054 of the Code of Civil Procedure, extending the time allowed by that code within which an act in an action or proceeding may be done, is a judicial act, involving the exercise of judicial discretion. Such an order may be made by the judge only "upon good cause shown" to him. He is the sole judge of the sufficiency of the showing, and when he makes such order he judicially determines the showing to be sufficient, and as a result thereof grants a privilege to one of the parties to the action to which such party would not otherwise be en-

titled. He thus judicially acts in an action in which he is disqualified to act at all, other than as specified in the exceptions enumerated in the statute.

By no reasonable construction of the language used can the making of such an order be held to fall within any of the enumerated exceptions. It is not an order relative to the "arrangement of the calendar" or a "regulation of the order of business," and manifestly no other exception stated could possibly apply. The case before us is, in this respect, precisely the same as that of *Frevert* v. *Swift,* 19 Nev. 363, [11 Pac. 273], where it was held, upon a substantially similar statute, that an order of this character could not be made by a judge who was disqualified to act in the case. The reasoning of the opinion in that case appears conclusive to us.

It is suggested that as section 1054 of the Code of Civil Procedure provides that orders extending time may be made "by the judge of the superior court in and for the county in which the action is pending, or by the judge who presided at the trial," it was intended to allow the judge of the county, even though disqualified, to make the same, but we are satisfied that the provisions of this section must be read subject to the express prohibition of section 170 of the Code of Civil Procedure, to the effect that *no* judge shall sit or act in any proceeding wherein he is disqualified by the provisions of that section, other than in the specially excepted cases enumerated therein.

The judge of the superior court of San Mateo County was, therefore, without power to make the order extending time. It is overwhelmingly settled that under statutes like our section 170 of the Code of Civil Procedure, as the same existed prior to its amendment in 1905, expressly prohibiting a judge from sitting or acting in certain specified cases, any act of the disqualified judge in violation of the provisions of the statute, is absolutely void wherever brought in question. (See note, *Moses* v. *Julian,* 84 Am. Dec. 126, [45 N. H. 52]. See, also, *Frevert* v. *Swift,* 19 Nev. 363, [11 Pac. 273]; *People* v. *De la Guerra,* 24 Cal. 77.)

The order extending time within which to serve the proposed bill of exceptions was absolutely void. The proposed bill of exceptions was, therefore, not served in time. In the absence of an order relieving appellant under section 473 of the Code

of Civil Procedure from the effect of the default, upon a proper showing made, the bill should not have been settled or considered on the motion for a new trial. No order relieving appellant from such default has ever been made. There is, therefore, no legally settled bill of exceptions on motion for a new trial which can now be considered, or which could have been considered on the hearing of the motion for a new trial in the court below. Regardless of the reasons which may have actuated the trial court in denying the motion for new trial, the denial of the motion was necessarily correct, there being no legally settled bill of exceptions or statement showing any error on the trial.

It appears from the bill of exceptions settled on the hearing of the motion to dismiss appellant's proceedings for a new trial, that, at the time the motion was argued and submitted, appellant did make a conditional motion to be relieved from the effect of the failure to serve its proposed statement in time, "if there was such failure," upon the ground of mistake, inadvertence, and excusable neglect, and supported such motion by affidavit, which affidavit is not contained in the record. It affirmatively appears from the bill that the trial court never ruled on this conditional motion for relief, and denied the motion for dismissal solely on the ground that there was no default, and appellant acquiesced in this action of the court, not even excepting to the failure to rule upon the motion for relief. It is now suggested that the case may be remanded with directions to the court below to pass upon the motion for relief. We are satisfied that it must be held that the appellant, by thus acquiescing in the action of the trial court and voluntarily submitting its motion for a new trial upon such legal record as then existed, waived and abandoned its motion for relief under section 473 of the Code of Civil Procedure.

The judgment and order are affirmed.

Shaw, J., and Sloss, J., concurred.