[Crim. No. 3112. Second Appellate District, Division Two.—July 21, 1938.]

THE PEOPLE, Respondent, v. HURSHEL NEAL et al., Defendants; VERLIA BRUNSON, Appellant.

Taylor, Kolliner, Bolton & Schwartz for Appellant.

U. S. Webb, Attorney-General, Frank Richards, Deputy Attorney-General, Buron Fitts, District Attorney, and A. H. Van Cott, Deputy District Attorney, for Respondent.

WOOD, J.—The appellant, Verlia Brunson, was jointly charged with defendants Hurshel Neal and Jeanne M. Kelly with the crimes of robbery and kidnapping for the purpose of robbery. It was charged in the information that appellant had been convicted of felonies in the states of Michigan and Illinois and had served terms of imprisonment in each of those states. At a trial before the court without a jury each defendant was convicted on both charges and the charges of prior convictions were found to be true. The appeal is by defendant Brunson alone from the judgment and from the order denying his motion for a new trial.

Appellant now contends that the trial court abused its discretion in denying his motion for a new trial. The prosecuting witness, Joe Pearson, testified that at midnight of December 31, 1937, he was at the Biltmore hotel with a companion and that he had parked his car opposite the Fifth Street entrance to the hotel. Shortly after midnight he left the hotel and went to his car where he waited for his com-

panion. He entered the car and went to sleep on the back seat. He later was awakened, sensed that the car was moving and felt someone going through his pockets while a voice said "see if he has a wrist watch". For a while Pearson remained quiet and the car stopped at a gas station in Hollywood. At that time Pearson started to rise and was struck in the mouth by defendant Neal, whereupon a struggle ensued between Pearson and Neal during which Pearson became unconscious. Appellant was driving the car and defendant Kelly was in the front seat. The car left the service station and when Pearson became conscious he heard Brunson ordering Neal to "slug him". Neal produced a knife and pressed the blade against Pearson's stomach ordering him not to say anything under the threat of having the knife run through him. Defendants drove the car about until 4:30 A. M. at which time Pearson was released. Defendants took about $5 from Pearson's pockets and drove off with the automobile. On January 2, 1938, the three defendants were driving Pearson's automobile in the vicinity of the city of Santa Maria when they were stopped by a state traffic officer and placed under arrest. Each defendant made statements from which his guilt of the offenses charged could readily be inferred.

At the trial appellant presented the testimony of several witnesses in an effort to establish an alibi. According to these witnesses appellant had been in the town of Cucamonga at approximately 11:30 P. M. on December 31, 1937. On the following morning just prior to the Tournament of Roses parade he was seen driving toward Pasadena. In support of his motion for a new trial appellant presented affidavits of several additional witnesses, the contents of which substantially corroborated the testimony of the so-called alibi witnesses who had testified at the trial. The evidence offered by means of the affidavits was merely cumulative and it was within the discretion of the trial court to deny the motion based upon them. Moreover, there was no showing that appellant could not with reasonable diligence have discovered and produced the affiants as witnesses at the trial. The burden was upon appellant to establish that the proffered evidence could not have been discovered with reasonable diligence in time for presentation at the trial. (*People* v. *Byrne,* 160 Cal. 217 [116 Pac. 521]; *People* v. *Yeager,* 194 Cal. 452 [229 Pac. 40].)

■ Appellant also presented in support of his motion for a new trial the affidavits of four prisoners in the county jail who stated that defendant Neal had told them while in the jail that appellant took no part in the crime charged; also an affidavit by appellant's attorney in which he stated that defendant Kelly had told him that appellant was not involved in the crime. These affidavits were clearly hearsay. Appellant did not present an affidavit by either Neal or Kelly.

No abuse of discretion on the part of the trial court in denying the motion for a new trial has been shown. The judgment and order are affirmed.

Crail, P. J., and McComb, J., concurred.