[L. A. No. 17680. In Bank. June 25, 1943.]

A. CAMINETTI, JR., as Insurance Commissioner, etc., Petitioner and Respondent, v. PACIFIC MUTUAL LIFE INSURANCE COMPANY OF CALIFORNIA (a Corporation) et al., Respondents; WILLIAM H. NEBLETT et al., Appellants.

Wm. H. Neblett in pro. per., Josiah Brill, E. Walter Guthrie, James P. Nunnelley, E. W. Miller, Vernon Bettin and Alfred F. MacDonald for Appellants.

Mitchell, Silberberg, Roth & Knupp, Eugene P. Fay and Peery Price for Petitioner and Respondent.

Overton, Lyman & Plumb, Donald H. Ford, Lyman P. Robertson, Cosgrove & O'Neil, John N. Cramer, Hobson & Garrett, J. M. Mannon, Jr., Harold A. Black, Edward R. Young, Hanna & Morton, Byron C. Hanna and Burnham Enersen for Respondents.

GIBSON, C. J.—This is an appeal from an order refusing to vacate certain orders affirmed in a companion case decided herewith (*Caminetti* v. *Pacific Mutual Life Ins. Co. of California, ante,* p. 344 [139 P.2d 908]), all of which orders were made by the Superior Court of Los Angeles County in a statutory proceeding involving the Pacific Mutual Life Insurance Company of California.

As more fully appears in the companion case, *ante,* p. 344 [139 P.2d 908], in accordance with a plan of rehabilitation of the Pacific Mutual Life Insurance Company of California, a new company known as the Pacific Mutual Life Insurance Company was organized and its entire stock was held by the then Insurance Commissioner. Later, however, the

stock of the new company was transferred by a voting trust agreement to five persons named therein as voting trustees. When the present commissioner succeeded to the office he sought an order invalidating the voting trust agreement. The appellants, Neblett and others, also sought similar relief by motion. On May 8, 1940, the superior court, Judge Vickers presiding, denied both motions. Appellants Neblett et al., thereupon moved to vacate the above orders on the ground that Judge Vickers was disqualified by reason of relationship to a party, and upon other grounds relating to the jurisdiction of the court. The motion to vacate was heard before a different judge and was denied on June 3, 1940. In the companion case this day filed, *ante*, p. 344 [139 P.2d 908], we have affirmed the orders made by Judge Vickers denying the motions of the commissioner and of Neblett et al., to set aside the voting trust agreement. In the present appeal, appellants Neblett et al., challenge the order denying their motion to vacate Judge Vickers' orders because of his alleged disqualification.

In denying the motion to vacate the orders refusing to set aside the voting trust, the court refrained from determining whether Judge Vickers was disqualified to make such orders and found that such disqualification, if any existed, had been waived by the appellants.

Whether the disqualification was waived turns upon the construction and application to be given to section 170 of the Code of Civil Procedure. The section provides in part that "No justice, judge or justice of the peace shall sit or act as such in any action or proceeding: 1. To which he is a party; or in which he is interested other than as a holder or owner of any capital stock of a corporation, or of any bond, note or other security issued by a corporation; 2. In which he is interested as a holder or owner of any capital stock of a corporation, or of any bond, note or other security issued by a corporation; 3. *When he is related to either party,* or to an officer of a corporation, which is a party, or to an attorney, counsel, or agent of either party, by consanguinity or affinity within the third degree . . . ; provided, however, that if the parties appearing in the action and not then in default . . . or the attorney for any of the above named, or the party or his attorney in all other or special proceedings, shall sign and file in the *action or matter,* a stipulation in writing waiving the disqualification mentioned in this subdivision or in subdivisions 2 or 4 hereof, the judge or court may proceed with the

trial or hearing and the performance of all other duties connected therewith with the same legal effect as if no such disqualification existed. . . ." (Italics added.) Subdivision 4 of section 170 disqualifies a judge who has been an attorney for any party and subdivision 5 a judge who is biased or prejudiced.

Prior to and at the time of making the orders refusing to set aside the voting trust, which orders are here sought to be vacated, there also was pending before Judge Vickers an independent action in equity brought by Neblett and others to vacate and set aside all orders theretofore made in this, the statutory proceeding. The equity action (*Neblett* v. *Pacific Mutual Life Ins. Co.*, this day decided, *post*, p. 393 [139 P.2d 934]) likewise challenged the legality of the voting trust. On February 14, 1940, during trial of that action, Judge Vickers announced that he had discovered that his sister was a stockholder in Pacific Mutual. Two days thereafter the parties filed a written stipulation *in the equity action* waiving any disqualification of Judge Vickers arising under subdivisions 2, 3, 4, or 5 of section 170, *supra*. The trial of that action was resumed and on March 12, 1940, Judge Vickers delivered an oral opinion in favor of the defendants therein upon all issues except validity of the voting trust, the latter issue having been reserved by agreement of the parties to be tried with the same issue in this statutory proceeding. Thereupon Judge Vickers heard together all matters urged in the equity action and in this proceeding pertaining to the validity of the voting trust. On May 8, 1940, as stated above, he entered herein the orders refusing to set aside the voting trust, affirmed *ante*, p. 344, and on the following day appellants filed their motion to vacate based on disqualification and other grounds. It appears to be conceded for the purposes of this appeal that Judge Vickers' sister, by reason of stock ownership, was a party to the proceeding pending before him within the meaning of subdivision 3 of section 170, *supra*. Judge Vickers was therefore disqualified, and the orders of May 8 must be vacated unless appellants have waived and are now estopped to assert the disqualification.

In 1927 section 170, *supra*, was amended to provide that "The statement of a party objecting to the judge on the ground of his disqualification, shall be presented at the earliest practicable opportunity, after his appearance and discovery of the facts constituting the ground of the judge's disqualifica-

tion, and in any event before the commencement of the hearing of any issue of fact in the action or proceeding before such a judge.'' Appellants did not raise the question of disqualification until May 9, 1940, the day following the adverse orders refusing to set aside the voting trust, although they were aware of the ground of disqualification on February 14, 1940, which was approximately one month before the start of hearings on validity of the voting trust and some three months before the orders were made. It is contended, however, that regardless of the 1927 amendment there can be no estoppel to show that a judge is disqualified, that the filing of a written stipulation in the action constitutes the exclusive method of waiver, and that in the absence of such a waiver all decisions and orders of a disqualified judge are void. Appellants also assert that they are not bound in this proceeding by the written waiver they filed in the equity action.

The power of the Legislature to permit a waiver of disqualification cannot be questioned. The Constitution does not prevent the exercise of such power, and reasonable legislative regulations with respect to disqualification of judges have been approved by the courts. (See *Austin* v. *Lambert,* 11 Cal.2d 73, 75 [77 P.2d 849] ; *Daigh* v. *Shaffer,* 23 Cal.App. 2d 449, 455 [73 P.2d 927].) None of the cases cited by appellants indicates that disqualification arising under subdivision 3 of section 170 cannot be waived by failure to urge it at the ''earliest practicable opportunity'' as required by the 1927 amendment of the section. Three of the cases, decided before enactment of the amendment, hold that a judgment rendered by a judge disqualified because of *personal interest under subdivision 1* of section 170, which, as distinguished from subdivision 3, contains no provision permitting a written waiver, is invalid, and that no waiver or estoppel by conduct could arise under *that subdivision.* (*Lindsay-Strathmore Irr. Dist.* v. *Superior Court,* 182 Cal. 315 [187 P. 1056] ; *Hall* v. *Superior Court,* 198 Cal. 373 [245 P. 814] ; *City of Vallejo* v. *Superior Court,* 199 Cal. 408 [249 P. 1084, 48 A.L.R. 610].) These decisions are based upon the theory that the subdivision relating to a personal interest of a judge in litigation was intended to protect the state and judiciary as well as the parties to the suit and that therefore a waiver of the provision by a party is immaterial. The reasons of policy there relied upon can have no application to a disqualification arising under subdivision 3 of the section, as

the Legislature has declared therein that the parties may avoid its operation by filing a written waiver or consent.

The cases of *Briggs* v. *Superior Court*, 215 Cal. 336 [10 P.2d 53], *Giometti* v. *Etienne*, 219 Cal. 687 [28 P.2d 913], and *Carpenter* v. *Pacific Mutual Life Ins. Co.*, 10 Cal.2d 307, 323-324 [74 P.2d 761], did not involve questions of waiver, estoppel or construction of that part of the 1927 amendment with which we are here concerned. The decision in *Johnson* v. *German American Ins. Co.*, 150 Cal. 336 [88 P. 985], was based upon the statute as it existed before waiver by written stipulation was permitted. The case of *Cadenasso* v. *Bank of Italy*, 214 Cal. 562 [6 P.2d 944], also relied on by appellants, arose under subdivision 1 of the section and was not discov-
is distinguishable because the disqualification there involved
ered until after trial of the action, whereupon the parties took steps to have the judgment vacated at the first opportunity. Thus, the effect of that part of the 1927 amendment here involved was there left undecided. Similarly, in *Krebs* v. *Los Angeles Ry. Corp.*, 7 Cal.2d 549 [61 P.2d 931], the effect of the 1927 amendment upon subdivision 1 was left open. No case has been cited or found that renders the amendment inapplicable to subdivision 3.

While the 1927 amendment does not specify in so many words a penalty for failure to urge disqualification at the "earliest practicable opportunity," the intention is clear that failure to comply with the provision constitutes a waiver. Any other construction would render the amendment ineffective. Appellants cite *Emerson* v. *Superior Court*, 7 Cal.2d 685 [62 P.2d 363], and other cases, to the effect that a waiver by conduct or equitable estoppel may not be urged as a substitute for a statutory requirement of a written stipulation. These cases are inapplicable, since the 1927 amendment affords an additional statutory means by which a disqualification arising under subdivision 3 of section 170 may be waived, viz., failure to urge such disqualification at the "earliest practicable opportunity."

As stated above, appellants were aware of Judge Vickers' alleged disqualification on February 14, 1940, at which time they joined in a written stipulation waiving such disqualification in the equity action. Appellants failed to challenge Judge Vickers' qualification to preside in this companion statutory proceeding, pending contemporaneously with the equity action, until some three months after discovery of the

fact underlying the disqualification and then only after Judge Vickers had ruled adversely to them in denying their motion to set aside the voting trust. The 1927 amendment was aimed at such dilatory tactics.

Appellants cannot excuse their delay in urging Judge Vickers' disqualification by contending that until May 20, 1940, they were unaware that his sister had given proxies to stockholders' committees, one of which had intervened. The record shows that before appellants assertedly first learned of the proxies they had filed a verified statement of disqualification alleging that Judge Vickers' sister "is now and has been at all times since July 22, 1936, a party to the within proceeding." In support of their motion they had urged that "all stockholders are parties to the proceeding." The record also discloses that the stockholders' committee intervened before February 14, 1940, when appellants first learned that the judge's sister was a stockholder, and they could have ascertained at that time that she was one of the stockholders represented by the committee. That they were not disturbed by her ownership of stock is, of course, evidenced by the stipulation filed in the equity action two days later specifically waiving any such disqualification.

Under all the circumstances, the following from the concurring opinion in the Lindsay-Strathmore case, *supra*, appears appropriate: "It would seem . . . intolerable to permit a party to play fast and loose with the administration of justice by deliberately standing by without making an objection of which he is aware and thereby permitting the proceedings to go to a conclusion which he may acquiesce in, if favorable, and which he may avoid, if not." We conclude, therefore, that appellants did not present their objection at the "earliest practicable opportunity" as required by section 170, *supra*, and that any disqualification of Judge Vickers was waived by their failure to comply with the provisions of the statute.

Other grounds relating to the jurisdiction of the court to make the orders of May 8 have been decided adversely to appellants in the companion case, *ante*, p. 344 [139 P.2d 908].

The order is affirmed.

Shenk, J., Curtis, J., and Spence, J. pro tem., concurred.

PETERS, J. pro tem.—I dissent.

I agree with the holding of the majority that Judge Vickers was not disqualified. The motion to vacate was properly denied on that ground, but should have been granted for the reasons set forth in full in the dissent in *Caminetti* v. *Pacific Mutual Life Ins. Co.*, this day filed, *supra*, p. 344 [139 P.2d 908].

Traynor, J., concurred.

Appellants' petition for a rehearing was denied July 22, 1943. Traynor, J., and Peters, J. pro tem., voted for a rehearing.