[Civ. No. 23860. Second Dist., Div. Three. Jan. 29, 1960.]

BARNETTE MAYO, Appellant, v. JOSEPH BEBER, M.D., Respondent.

Toxey H. Smith and Joan H. Martin for Appellant.

DeForrest Home for Respondent.

FORD, J.—After a trial by jury in a malpractice action, a judgment was entered in favor of the defendant pursuant to the verdict of the jury. A motion for a new trial was made. In support of that motion, an affidavit was filed on behalf of appellant for the purpose of sustaining her contention that the trial judge had been disqualified to try the case because of the provisions of section 170, subdivision 4, of the Code of Civil Procedure.[1] That motion, heard by a judge other than the judge who had presided at the trial, was denied. The propriety of such denial is the only question presented on this appeal.[2]

The affidavit in support of the motion was that of Joan H. Martin, one of the attorneys of record for appellant. The pertinent parts of such affidavit were as follows: ''That unbeknown until after the trial to plaintiff and counsel for plaintiff, Judge Reginald I. Bauder, who was the trial judge in the within case, sitting with a jury, was retained and employed as attorney and counsel for the defendant, herein, within two years prior to the commencement of this action or proceeding contrary to C.C.P. 170 (4). That Judge Bauder was attorney of record in the Los Angeles Superior Court for defendant in a case involving exactly the same issues as those involved in this case, that is defendant's malpractice of medicine. That the title of the case in which Judge Bauder represented Joseph Beber, M.D., was *Calvin, Sloan and Haroletta Sloan vs. Dr. Joseph Beber*, Los Angeles Superior Court number 594222. The Sloan case was settled out of court on October 30, 1953 and the above entitled case was filed in July of 1954, less than a year after Judge Bauder made his last appearance as one

[1]Section 170 of the Code of Civil Procedure is in part as follows: ''No justice or judge shall sit or act as such in any action or proceeding: . . . 4. When, in the action or proceeding, or in any previous action or proceeding involving any of the same issues, he has been attorney or counsel for any party; or when he has given advice to any party upon any matter involved in the action or proceeding; or when he has been retained or employed as attorney or counsel for any party within two years prior to the commencement of the action or proceeding; . . .''

[2]In *Mayo* v. *Beber*, 173 Cal.App.2d 596 [343 P.2d 765], the appeal was from an order denying appellant's motion, purportedly made under section 473 of the Code of Civil Procedure, to set aside and vacate the judgment in this case. That appeal was dismissed on the ground that the question of the disqualification of the trial judge was subject to review on the appeal from the judgment. Such appeal is the subject of the present opinion.

of the attorneys of record for defendant. . . . That neither plaintiff nor plaintiff's counsel learned that Judge Bauder had represented the defendant within two years of the commencement of this action until October 30, 1958. That if plaintiff and plaintiff's counsel had known prior to this date, they would have moved to disqualify Judge Bauder under C.C.P. 170 from trying this case.''

Judge Bauder transferred the matter of the motion for a new trial to the master calendar department of the court. It was ultimately transferred for hearing to Judge Emil Gumpert, who heard and denied the motion. In addition to the affidavit of Joan H. Martin, Judge Gumpert had before him the affidavits of Judge Bauder, W. I. Gilbert, Jr., Albert Hampton, DeForrest Home, and Joseph Beber. No affidavit was filed by Toxey Hall Smith who was described in the affidavit of Joan H. Martin as ''plaintiff's chief trial counsel.''

The pertinent portion of Judge Bauder's affidavit was as follows: ''The first knowledge that the Court had of the existence of Action No. 594222 of the Superior Court, in and for the County of Los Angeles, was upon reading the affidavit of Counsel for Plaintiff. The Court hereby avers that during the pendency of said action your affiant was senior member of the firm of Bauder, Gilbert, Thompson and Kelley [Kelly], and that said law firm was at that time attorneys of record in several hundred pending cases; that your affiant had no personal knowledge whatsoever of the fact that said firm were the attorneys of record in the Sloan matter; and your affiant further avers that he was not acquainted with and to his knowledge had never seen the defendant, Joseph Beber, until the commencement of the trial of the within action.''

The substance of the affidavit of W. I. Gilbert, Jr., was that when the case of *Sloan* v. *Beber* was referred to him, he was a member of the law firm of Bauder, Gilbert, Thompson and Kelly, and that at that time there were several hundred cases pending in the office, each of which was assigned to a particular attorney for handling. He further stated that, except for depositions attended by Attorneys Jean Wunderlich and Ernest Kelly, he personally and exclusively handled the case and that Judge (then Mr.) Bauder had nothing to do with the handling of the case in any way. His affidavit concluded with the statement that Dr. Beber was not a regular client of the office and the case of *Sloan* v. *Beber* was the only matter ever handled for him by that office.

The affidavit of Mr. Hampton, an attorney associated with

DeForrest Home, counsel for Dr. Beber in the present case, was to the effect that during the course of the taking of the deposition of one Esther Bryman, an employee of Dr. Beber, in the present case, Joan H. Martin asked the witness if she had ever known a patient by the name of "Sloane" and when Mr. Hampton asked as to the materiality of the question, Miss Martin said, "I just wondered." He further stated that after the deposition was concluded, Miss Martin said to the affiant, "Dr. Beber has been sued for malpractice several times, hasn't he?"

In his affidavit, DeForrest Home stated that he was the attorney for Dr. Beber in the present case, and that after the deposition of Dr. David Miller had been taken, Miss Martin stated in substance in the presence of Mr. Smith with respect to Dr. Beber, "You know that he has been sued before." Mr. Home further stated that when the case was called for trial but before it was assigned to a trial court, Mr. Smith approached him with respect to the possibility of a settlement, that Mr. Home said that Dr. Beber would not consent to a settlement, and that Mr. Smith then said, "Well, he consented to settling the Sloan case; why would he consent to settle it and not to settle this one?" Mr. Home further stated that Mr. Smith then asked why Dr. Beber had been represented by another attorney in the Sloan case and by Mr. Home in this case. Mr. Home further set forth in his affidavit that, during the course of the trial before Judge Bauder, Mr. Smith again inquired about the possibility of a settlement and stated, "He gave his consent to settling the Cloan [Sloan] case and I don't see why he shouldn't give his consent here."

The affidavit of the respondent, Dr. Beber, was to the effect that, except for his deposition which was handled by an attorney whose name he did not recall, Mr. Gilbert had handled all matters in connection with the Sloan case. He further stated that "affiant never at any time met or, to the best of his knowledge, even saw said Reginald I. Bauder, and during all of the course of the trial herein, in the case of *Mayo* v. *Beber,* affiant did not even realize that he had been a member of the firm in which Mr. W. I. Gilbert was also a member; that affiant has had no contact whatsoever with said Judge Reginald I. Bauder except such as were had in the course of the trial of the within case, to wit, *Mayo* v. *Beber."*

 Appellant relies upon that portion of section 170 of the Code of Civil Procedure which provides that a judge shall not act as such in any action "when he has been retained or

employed as attorney or counsel for any party within two years prior to the commencement of the action or proceeding.'' We may assume that when one member of a firm is so engaged, each member thereof is an attorney or counsel so retained or employed. (See Am.Jur., Judges, § 178; Ann.Cas. 1917A 1231, 1238.) But it has been provided in section 170 since the 1927 amendment that: ''The statement of a party objecting to the judge on the ground of his disqualification, shall be presented at the earliest practicable opportunity, after his appearance and discovery of the facts constituting the ground of the judge's disqualification, and in any event before the commencement of the hearing of any issue of fact in the action or proceedings before such judge.'' Moreover, that section provides for a written waiver of any disqualification under subdivisions 2, 3 or 4. Hence the reasoning of the Supreme Court in *Caminetti* v. *Pacific Mutual L. Ins. Co.*, 22 Cal. 2d 386 [139 P.2d 930], is applicable to the problem now before this court although the particular subdivision therein involved was subdivision 3. ▮ The Supreme Court said, at pages 390-391: ''The power of the Legislature to permit a waiver of disqualification cannot be questioned. The Constitution does not prevent the exercise of such power, and reasonable legislative regulations with respect to disqualification of judges have been approved by the courts. (See *Austin* v. *Lambert*, 11 Cal. 2d 73, 75 [77 P.2d 849]; *Daigh* v. *Shaffer*, 23 Cal.App.2d 449, 455 [73 P.2d 927].) None of the cases cited by appellants indicates that disqualification arising under subdivision 3 of section 170 cannot be waived by failure to urge it at the 'earliest practicable opportunity' as required by the 1927 amendment of the section. Three of the cases, decided before enactment of the amendment, hold that a judgment rendered by a judge disqualified because of *personal interest under subdivision 1* of section 170, which, as distinguished from subdivision 3, contains no provision permitting a written waiver, is invalid, and that no waiver or estoppel by conduct could arise under *that subdivision*. (*Lindsay-Strathmore Irr. Dist.* v. *Superior Court,* 182 Cal. 315 [187 P. 1056]; *Hall* v. *Superior Court,* 198 Cal. 373 [245 P. 814]; *City of Vallejo* v. *Superior Court,* 199 Cal. 408 [249 P. 1084, 48 A.L.R. 610].) These decisions are based upon the theory that the subdivision relating to a personal interest of a judge in litigation was intended to protect the state and judiciary as well as the parties to the suit and that therefore a waiver of the provision by a party is immaterial. The reasons of policy there relied upon can have no

application to a disqualification arising under subdivision 3 of the section, as the Legislature has declared therein that the parties may avoid its operation by filing a written waiver or consent.

"The cases of *Briggs* v. *Superior Court*, 215 Cal. 336 [10 P.2d 53], *Giometti* v. *Etienne*, 219 Cal. 687 [28 P.2d 913], and *Carpenter* v. *Pacific Mutual Life Ins. Co.*, 10 Cal.2d 307, 323-324 [74 P.2d 761], did not involve questions of waiver, estoppel or construction of that part of the 1927 amendment with which we are here concerned. The decision in *Johnson* v. *German American Ins. Co.*, 150 Cal. 336 [88 P. 985], was based upon the statute as it existed before waiver by written stipulation was permitted. The case of *Cadenasso* v. *Bank of Italy*, 214 Cal. 562 [6 P.2d 944], also relied on by appellants, is distinguishable because the disqualification there involved arose under subdivision 1 of the section and was not discovered until after trial of the action, whereupon the parties took steps to have the judgment vacated at the first opportunity. Thus, the effect of that part of the 1927 amendment here involved, was there left undecided. Similarly, in *Krebs* v. *Los Angeles Ry. Corp.*, 7 Cal.2d 549 [61 P.2d 931], the effect of the 1927 amendment upon subdivision 1 was left open. No case has been cited or found that renders the amendment inapplicable to subdivision 3.

██ "While the 1927 amendment does not specify in so many words a penalty for failure to urge disqualification at the 'earliest practicable opportunity,' the intention is clear that failure to comply with the provision constitutes a waiver. Any other construction would render the amendment ineffective. Appellants cite *Emerson* v. *Superior Court*, 7 Cal.2d 685 [62 P.2d 363], and other cases, to the effect that a waiver by conduct or equitable estoppel may not be urged as a substitute for a statutory requirement of a written stipulation. These cases are inapplicable, since the 1927 amendment affords an additional statutory means by which a disqualification arising under subdivision 3 of section 170 may be waived, viz., failure to urge such disqualification at the 'earliest practicable opportunity.' " (See also *Sacramento & San Joaquin Drainage Dist.* v. *Jarvis*, 51 Cal.2d 799, 801 [336 P.2d 530].)

██ "It is of course a fundamental rule that no judge should preside in a case in which he is not wholly free, disinterested, impartial and independent. The various grounds of disqualification have been set out in great detail in our Code of Civil Procedure. [██ *A party who makes a motion*

*to declare a judge disqualified, and particularly a party who seeks to have a judgment declared void on the ground that the judge was disqualified, should allege and prove facts which clearly show that such disqualification existed."* (Emphasis added.) (*Wickoff* v. *James,* 159 Cal.App.2d 664, 670 [324 P.2d 661].)

In the light of the applicable law, the factual showing before Judge Gumpert must be examined to determine whether there was error in rejecting the claim of disqualification. [█] The sufficiency of an affidavit must be tested by the same rules as those applicable to oral testimony. (*Jeffers* v. *Screen Extras Guild, Inc.,* 134 Cal.App.2d 622, 623 [286 P.2d 30].) █ The rule that a judge of the trial court is not required to accept as true the sworn testimony of a witness, even in the absence of evidence directly contradicting it, applies to affidavits. (*People* v. *Bannister,* 153 Cal.App.2d 480, 484 [314 P.2d 577].)

█ From the affidavits of Mr. Hampton and Mr. Home, it appeared that counsel for appellant were aware of the Sloan case before the present case was assigned to Judge Bauder for trial. Just how that information came to the attention of such counsel or whether they had read the court file in the Sloan case was not disclosed, since the affidavit of Miss Martin was silent as to that. There was no affidavit from Mr. Smith who appears to have been the attorney in charge of the trial of the case for appellant. Appellant was in a position to offer an affidavit of Mr. Smith with respect to the extent of his knowledge of vital facts bearing upon the question presented to Judge Gumpert. Her failure to do so was significant. It justified the inference that such affidavit, if it had been made, would have redounded to the prejudice of appellant. (See *Talbert* v. *Ostergaard,* 129 Cal.App.2d 222, 229 [276 P.2d 880] ; *Leenders* v. *California Hawaiian Sugar Refining Corp.,* 59 Cal.App.2d 752, 758 [139 P.2d 987].)

The only direct statement of a factual nature which tended to support appellant's claim that she presented the matter of disqualification "at the earliest practicable opportunity" was the following language in the affidavit of Miss Martin : "That neither plaintiff nor plaintiff's counsel learned that Judge Bauder had represented the defendant within two years of the commencement of this action until October 30, 1958." Aside from the hearsay nature of such assertion insofar as it depended upon what appellant or Mr. Smith may have said to Miss Martin (see *People* v. *Neal,* 27 Cal.App.2d 655, 658 [81 P.2d 593]), the statement was clearly equivocal. It was

subject to the inference that while, prior to the trial, counsel for appellant knew that the firm of which Judge Bauder was then a member had represented Dr. Beber in the Sloan case, such counsel had not taken the time to correlate the date of the filing of the present case with the pendency of the Sloan case so as to ascertain the time gap between the two. An assertion so briefly and ambiguously made cannot be said to compel the conclusion that appellant has sustained her burden of showing that she acted promptly upon discovery of the facts. (*Cf. Dunford* v. *General Water Heater Corp.*, 150 Cal.App.2d 260, 264 [309 P.2d 958].) The importance of the requirement of such diligence is noted in *Caminetti* v. *Pacific Mutual L. Ins. Co.*, *supra*, 22 Cal.2d 386, at page 392: "Under all the circumstances, the following from the concurring opinion in the Lindsay-Strathmore case, *supra*, appears appropriate: 'It would seem . . . intolerable to permit a party to play fast and loose with the administration of justice by deliberately standing by without making an objection of which he is aware and thereby permitting the proceedings to go to a conclusion which he may acquiesce in, if favorable, and which he may avoid, if not.' " (See also *Woolley* v. *Superior Court*, 19 Cal.App.2d 611, 619 [66 P.2d 680]; *Keating* v. *Superior Court*, 45 Cal.2d 440, 446 [289 P.2d 209].)

The function of an appellate court under such circumstances is succinctly stated in *DeWitt* v. *Glazier*, 149 Cal.App.2d 75, at pages 81-82 [307 P.2d 1031]: "In considering an appeal from an order which is based on affidavits and which involves the determination of a question of fact, an appellate court is bound by the same rule that controls where oral testimony is presented for review, namely: (1) if there is any conflict in the affidavits, those favoring the prevailing party are accepted as true; and (2) since all intendments are in favor of the action taken by the lower court, the affidavits in behalf of the successful party are deemed not only to establish the facts directly stated therein, but all facts reasonably to be inferred from those stated. (*Doak* v. *Bruson*, 152 Cal. 17 [91 P. 1001]; *West Coast Securities Co.* v. *Kilbourn*, 110 Cal.App. 293, 297 [294 P. 57].) In passing upon the motion for a new trial, it must be presumed that conflicts among the affidavits filed were resolved by the court in favor of the defendants, and its implied findings cannot be disturbed on appeal. (*MacPherson* v. *West Coast Transit Co.*, 94 Cal.App. 463, 468 [271 P. 509]; *Ham* v. *County of Los Angeles*, 46 Cal.App. 148, 154 [189 P. 462].)"

No error appears in the record. The order denying the motion for a new trial is not appealable and the attempted appeal therefrom is dismissed. (*Singleton* v. *Perry*, 45 Cal.2d 489, 500 [289 P.2d 794].) The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.