Filed 7/19/22  In re Eliza T. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

|  |  |
|---|---|
| In re ELIZA T., a Person Coming Under the Juvenile Court Law. | B315940 |
|  | (Los Angeles County Super. Ct. No. 19CCJP05019A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. TREASURE M., Defendant and Appellant |  |

APPEAL from an order of the Superior Court of Los Angeles County, Marguerite D. Downing, Judge.  Affirmed.

Anne E. Fragasso, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawn R. Harrison, Acting County Counsel, Kim Nemoy, Assistant County Counsel, and Peter Ferrera, Principal Deputy County Counsel, for Plaintiff and Respondent.

_____

Treasure T., the mother of now-three-year-old Eliza T., appeals the juvenile court's order terminating her parental rights. Treasure contends the court erred in denying her request for a continuance of the selection and implementation hearing (Welf. & Inst. Code, § 366.26)[1] and terminating parental rights without ruling on Treasure's pending section 388 petition seeking reinstatement of family reunification services. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *The Sustained Section 300 Petition and Disposition*

On January 9, 2020 the juvenile court sustained a section 300 petition finding Treasure suffered from mental and emotional problems including diagnosed bipolar disorder with other persistent mood disorder and major depressive disorder, failed to take her prescribed psychotropic medication or participate in mental health services, abused marijuana and was under the influence of marijuana while caring for Eliza, all of which placed Eliza at substantial risk of serious physical harm (§ 300, subd. (b)(1)). At the disposition hearing immediately following adjudication, the court declared Eliza a dependent child of the court, removed her from parental custody and placed her under the care and supervision of the Los Angeles County Department of Children and Family Services for suitable

_____

[1] Statutory references are to this code.

placement. The court ordered family reunification services for Treasure with monitored visitation.

### 2. *The Six-month Review Hearing and Termination of Treasure's Family Reunification Services*

At the September 25, 2020 six-month review hearing (§ 366.21, subd. (e)), the Department reported Treasure was not in compliance with her case plan. Treasure had missed every scheduled weekly drug test (22 tests) since January 2020; had not participated in any of her court-ordered drug treatment or counseling services; and had enrolled in, but failed to attend more than two, parenting classes. Meanwhile, Eliza was thriving in the care of her foster parent. The Department recommended the court terminate family reunification services and set a selection and implementation hearing with the permanent plan of adoption by Eliza's foster parent. Eliza's counsel supported that recommendation. The court terminated Treasure's reunification services and set a selection and implementation hearing (§ 366.26) for January 25, 2021, which was continued to October 25, 2021.

### 3. *Treasure's In Propria Persona Section 388 Petition*

On October 22, 2021 Treasure filed a section 388 petition seeking reinstatement of her reunification services and the appointment of new counsel. The section 388 petition is signed by Treasure, not her counsel; and no proof of service is included in the record. Treasure stated in the petition she had "signed up" for mental health services and had sent her evaluation papers to her social worker. In addition, in order to "finish" at SHIELDS for Families (Treasure did not specify what type of programming she was referring to, but her no-show drug and alcohol tests were

3

scheduled for SHIELDS for Families Los Angeles), Treasure stated she needed referrals from the Department.

4. *The Selection and Implementation Hearing and the Court's Denial of Treasure's Request for a Continuance*

At the selection and implementation hearing Treasure's counsel orally requested a continuance to allow Tamisha R., a maternal aunt who had recently moved from Las Vegas to Los Angeles, to be assessed for placement. Counsel acknowledged the court had earlier ordered an evaluation under the Interstate Compact on the Placement of Children (ICPC) for Tamisha, but the request was denied. The record indicates Tamisha had declined to participate in the ICPC evaluation in Las Vegas because she was planning to move to Los Angeles and told the Department she would be in contact after her move if she wanted the request resubmitted. The court inquired whether Tamisha had expressed interest in being evaluated for placement since her return, and Treasure's counsel acknowledged he did not know. Eliza's counsel objected to the request for continuance as contrary to Eliza's best interest, and the court denied it for lack of good cause.

Treasure and the Department submitted on the reports and did not present new evidence at the selection and implementation hearing. The Department, supported by Eliza's counsel, recommended the court terminate parental rights and free Eliza for adoption by her current caregiver and prospective adoptive parent. When the court indicated it intended to follow that recommendation and terminate parental rights, Treasure asked to speak on her own behalf. The court explained to Treasure her parental rights were being terminated because she had failed to participate in any court-ordered programs and told her she

4

should speak to her attorney. Treasure responded she had participated in services. She had sent her "paperwork" to the social worker, but the social worker had told her "there was nothing she could do about it." The court again stated it had received no evidence of Treasure's participation in services.

The court terminated parental rights. Neither Treasure nor her counsel advised the court a section 388 petition was still pending.

On October 25, 2021 Treasure's counsel filed a notice of appeal from the termination order.

On October 29, 2021 the juvenile court issued an order summarily denying Treasure's October 22, 2021 section 388 petition.

On November 1, 2021 Treasure's counsel filed a second, identical notice of appeal from the October 25, 2021 termination of parental rights.

## DISCUSSION

1. *The Court Did Not Err in Denying Treasure's Request for a Continuance*

"[T]he juvenile court has authority to grant brief, necessary continuances that are not inconsistent with the child's best interests, while giving 'substantial weight to a minor's need for prompt resolution of his or her custody status, the need to provide children with stable environments, and the damage to a minor of prolonged temporary placements.'" (*In re Abbigail A.* (2016) 1 Cal.5th 83, 95; see § 352, subd. (a)(2) ["[c]ontinuances shall be granted only upon a showing of good cause and only for that period of time shown to be necessary by the evidence presented at the hearing on the motion for the continuance"]; Cal. Rules of Court, rule 5.550(a); see also *In re Elizabeth M.* (2018)

19 Cal.App.5th 768, 779 ["[c]ontinuances are discouraged in dependency cases"; they may be granted "upon a showing of good cause, provided the continuance is not contrary to the interest of the child"].)

Treasure's contention the court abused its discretion in denying her request to continue the selection and implementation hearing is without merit.[2] The court found no good cause to further delay the selection and implementation hearing based solely on speculation that Tamisha might be interested in placement, particularly when the evidence was clear Treasure had been thriving in the care of her prospective foster parent since her detention nearly two years earlier. That ruling, neither arbitrary nor irrational, was well within the court's discretion.

2. *Treasure Forfeited Her Challenge to the Court's Order Terminating Her Parental Rights by Failing To Raise the Pending Section 388 Petition at the Hearing*; *Any Error Was Harmless*

Treasure contends the court erred in terminating her parental rights without first considering her section 388 petition seeking reinstatement of reunification services. She correctly observes that, once the court terminated her parental rights, it lacked the power to rule on her section 388 petition. (§ 366.26, subd. (i)(1) ["after making the order [terminating parental rights] the juvenile court shall have no power to set aside, change, or modify it, except as provided in paragraph (2) [relating to tribal customary adoption orders]"]; see *In re Cody B.* (2007) 153 Cal.App.4th 1004, 1009 [juvenile court lacked jurisdiction to

---

[2] We review the juvenile court's denial of a continuance for abuse of discretion. (*In re D.Y.* (2018) 26 Cal.App.5th 1044, 1056; *In re Elizabeth M., supra,* 19 Cal.App.5th at p. 779.)

modify order terminating parental rights]; *In re Ronald V.* (1993) 13 Cal.App.4th 1803, 1805-1806 [same].)

At the threshold, it is not clear whether Treasure's counsel (or the Department for that matter) knew of Treasure's section 388 petition, which Treasure appears to have improperly filed in propria persona, or whether, as a result, the petition was even properly before the court. (See generally *In re Samuel A.* (2021) 69 Cal.App.5th 67, 84 [clerk should reject for filing section 388 petition filed in propria persona by a mother who was represented by counsel].)

Moreover, even if Treasure's section 388 petition had been properly filed and served on the Department, the failure to raise the issue at the hearing when any oversight could have easily been cured presents a classic case for application of the forfeiture doctrine. (See *In re S.B.* (2004) 32 Cal.4th 1287, 1293, fn. omitted ["[A] reviewing court ordinarily will not consider a challenge to a ruling if an objection could have been but was not made in the trial court. [Citation.] The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so they may be corrected. [Citation.] [¶] Dependency matters are not exempt from this rule"]; *ibid.* [although the forfeiture doctrine is not "automatic," courts must take special care when excusing forfeiture in dependency cases, where "permanency and stability are of paramount importance"]; *In re Aaron S.* (2015) 235 Cal.App.4th 507, 521 [same]; *In re S.B.* (2005) 130 Cal.App.4th 1148, 1158 ["'[a]s a general rule, a party is precluded from urging on appeal any point not raised in the trial court'"].) Had Treasure alerted the court to her section 388 petition during the October 25, 2021 hearing, the court could have ruled on it before making any determination whether

7

parental rights should be terminated. Instead, Treasure remained silent, and the court proceeded to the hearing on termination of parental rights. (See generally *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1138 ["it would be unfair to allow counsel to lull the trial court and opposing counsel into believing the statement of decision was acceptable, and thereafter to take advantage of an error on appeal although it could have been corrected at trial"]; *Caminetti v. Pacific Mutual Life Ins. Co.* (1943) 22 Cal.2d 386, 392 [forfeiture rule keeps a party from playing "'fast and loose with the administration of justice by deliberately standing by without making an objection of which he is aware and thereby permitting the proceedings to go to a conclusion which he may acquiesce in, if favorable, and which he may avoid, if not'"].)

Finally, Treasure has not demonstrated any prejudice as a result of the court's failure to rule on her petition. Treasure's petition alleged only that she had "signed up" for mental health treatment and wanted the Department to issue referrals so she could begin drug treatment, none of which was new evidence or demonstrated a change of circumstance. She did not indicate she had participated in any mental health or drug treatment, resumed her prescribed medication or tested negative for drugs. Because Treasure's petition failed as a matter of law to state even a prima facie case for relief (see *In re Stephanie M.* (1994) 7 Cal.4th 295, 317 [to obtain a hearing on a section 388 petition, the parent must make a prima facie showing as to both a change of circumstance and modification of court order is in child's best interests]; *In re K.L.* (2016) 248 Cal.App.4th 52, 61 [same]; see Cal. Rules of Court, rule 5.570(d)), it is not reasonably probable Treasure would have received a more favorable result

8

had the court considered her section 388 petition prior to proceeding to the section 366.26 hearing. (See *In re Celine R.* (2003) 31 Cal.4th 45, 59-60 [state law error harmless unless reviewing court finds a more favorable result was reasonably probable but for the error]; *In re Alayah J.* (2017) 9 Cal.App.5th 469, 481 [same].)

## DISPOSITION

The October 25, 2021 order terminating parental rights is affirmed.


PERLUSS, P. J.

We concur:


SEGAL, J.


FEUER, J.