ROBERT H. VANCE, Appellant, *v.* L. M. LINCOLN, J. LAKE, A. G. SILVA, CARLO L. VALH, SEPRIAÑA PERRA, J. ADAMS, T. EDWARDS, H. B. GALES, W. W. CROUSE, R. SHERBURN, Mrs. C. HASTINGS, F. DAVIS, J. W. TILDEN, SAMUEL ONESTA, G. ONESTA, G. PASKENE, J. PASKENE, A. CAROTHERS, J. COOK, Mrs. S. HULL, F. WINDERICH and L. HOYT, Respondents.

A Deed a Mortgage.—A deed absolute upon its face may be proven to have been intended as a mortgage.

A Deed not a Mortgage.—V. gave F. a deed of bargain and sale, absolute on its face; at the same time, and as a part of the same transaction, F. gave V. a written instrument to the effect that the deed had been taken as security for a note which he held against V., and that F. would endorse upon the note all moneys received by him from sales of the land, and that when the note was all paid F. would deed back to V. all the land then unsold. *Held,* that this was not a mortgage merely, but a trust for the benefit of F., and that the legal title was in F. while the trust continued.

Res Adjudicata.—If V. convey to F. upon trust to sell enough land to pay a note held by him and then to re-convey what shall be left unsold; and if F. during the trust, sues A. to recover some of the land and is defeated; and if, after the land is re-conveyed, V. sues A., relying upon the same title, the judgment against F. is conclusive, if pleaded by A. against a recovery by V.

Appeal from the District Court of the Sixth District, Sacramento County.

The plaintiff appealed.

The facts are stated in the opinion of the Court.

*John Reynolds* for Appellant.

*First*—The plaintiff in this action is not estopped by the judgment of the Circuit Court, because it appears that the plaintiff in that suit did not have the title, but only a mortgage upon the land. The title, therefore, was never out of Vance, and did not pass to him by the quitclaim from French. He does not hold his title in privity to French. French simply released his security—cancelled his mortgage by the quitclaim. (*McMillan* v. *Richards*, 9 Cal. 365; *Vance* v. *Oliver*, 27 *Id.* 358; *Caperton* v. *Schmidt*, 26 *Id.* 479.)

*Second*—Admitting that French could have maintained ejectment for the land, during the running of his mortgage, he could not have Vance's title tried therein, for he never had it. (*Fogarty* v. *Sawyer*, 17 Cal. 592.)

*Third*—The deed being a mortgage, did not pass a title that would maintain ejectment. (*Polhemus* v. *Treaner*, 30 Cal. 687 ; *Gay* v. *Hamilton*, 33 *Id.* 686 ; *Cunningham* v. *Hawkins*, 27 *Id.* 606.)

*Thompson Campbell,* for Respondents.

Sanderson, J. delivered the opinion of the Court:

This is an action of ejectment against several persons who were separately in possession of certain parcels of the land in controversy. As to some of the defendants the plaintiff obtained a judgment, and as to the remainder, the judgment went against him. From the judgment against him the plaintiff has appealed to this Court.

The facts are as follows: Prior to the 1st of March, 1862, the plaintiff claimed and held the same title to the land in controversy upon which he now relies for a recovery. On that day he executed and delivered to one French a deed of bargain and sale, absolute upon its face. On the same day, and as part of the same transaction, French executed and delivered to the plaintiff an instrument in writing, in which he stated that the land had been deeded to him as security

for the payment of a promissory note for $18,241 82, dated the 1st of February, 1862. The instrument then continued in the following words: "It is further understood that the said French agrees to endorse on said note, from time to time, moneys received by him for sales made of said land; and it is further agreed, that as soon as the said note is paid, either from the sales of land, or in any other way, so that the said French receives the amount of his note and interest, he binds himself, his heirs, executors and administrators, to re-deed to said Vance all of the lands first deeded to said French, by deed of March 1, 1862, excepting such land as may have been sold by said French, and the proceeds of said sales applied to the said Vance note."

At the date of this transaction the plaintiff and French were both residents of this State. In 1863 French removed to the State of New York, and was a resident of that State in November, 1866, at which time an action for the possession of the land in controversy was commenced in his name against these respondents in the Circuit Court of the United States, in and for the Northern District of California. The attorney who commenced the action was requested to do so by this plaintiff (Vance), who paid him $100 to meet costs and expenses of the suit; but he was also the attorney *in fact* of French. At the trial of said action the title of French, under the deed from the plaintiff, was put in issue and tried, and the plaintiff was present and testified as a witness. The verdict and judgment were against French, and in favor of these respondents. After the determination of that action, and before the commencement of this, French conveyed by quitclaim to Vance, the plaintiff in this action.

The respondents pleaded the judgment of the Circuit Court in bar of this action. The Court below sustained the plea, and whether that was error is the only question presented for our consideration.

Whether the judgment of the Circuit Court of the United States against French is a bar to this action, depends wholly upon the question, whether, by the first transaction between the plaintiff and French, the title passed to the latter; if it did, then the plaintiff claims under French by the same title

which was litigated in the Circuit Court, and is, therefore, bound by the judgment of that Court; if, on the contrary, that transaction was a mere mortgage, the title did not pass to French and did not come from him to the plaintiff, and therefore he would not be bound by that judgment.

That a deed, absolute upon its face, may be proved to have been intended only as a mortgage, is settled in this State. The only evidence to show that the deed from the plaintiff to French was intended to operate as a mortgage only, is the agreement given by French to the plaintiff, of the same date as the deed and as a part of the same transaction. Does that instrument show that the parties intended the deed to operate as a mortgage only; or, in other words, that they intended not to vest the title in French, but to give him a lien only upon the land for the security of his note?

It seems clear to us that the transaction was not intended as a mortgage merely. The instrument relied on as a defeasance, although not very direct or explicit in its terms, amounts to a declaration of trust, and shows the intention of both the plaintiff and French to have been to vest the title in the latter, so that he might be able to sell and convey the land. That it was intended that French should sell so much of the land as should be necessary to pay his note, does not, we think, admit of dispute. That he could not sell and convey the title, if he held only a mortgage, they were bound to know; but as trustee for his own benefit he could; hence, the transaction was intended to take, and was made to take, the latter form. We are, therefore, of the opinion that it was the intention to vest the title in French, and that the deed in question had that effect.

Judgment affirmed.

RHODES, J., concurring specially:

I concur in the judgment.

CROCKETT, J., concurring specially:

I concur in the judgment, not only for the reasons stated by Justice SANDERSON, but on the further ground that even

if the transaction between Vance and French was intended as a mortgage, as between themselves, nevertheless, after they had both relied upon it as a deed in fee in the action in the Circuit Court against those defendants, and after proving successful in that action, they are estopped by the judgment. They will not be allowed to vex the defendants with an action to litigate the title, in the name of French, treating the conveyance to him as a deed in fee, and after a judgment for the defendants, change front and claim in another action in the name of Vance, that the transaction was only a mortgage. In my opinion, the plaintiff is estopped in either event.