## Case No. 5,097.

FRENCH v. EDWARDS et al.

[4 Sawy. 125.][1]

Circuit Court, D. California.   Nov. 27, 1876.

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

John H. McKune and J. W. Armstrong, for the motion.

Houghton & Reynolds, contra.

SAWYER, Circuit Judge. As to the matter set up in the first supplemental answer—the conveyance to Vance since the commencement of this action—it is settled by the decisions of the supreme court of California that this is no defense to the action under the statutes of California. Section 34 of the act concerning conveyances authorizes the owner of land in the adverse possession of another to convey it "with the same effect as if he was in the actual possession thereof." And section 16 of the practice act, in force at the time of the conveyance to Vance, provided that "an action shall not abate by the death or other disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In case of death or other disability of a party, the court, on motion, may allow the action to be continued by or against his representative or successor in interest. In case of any other transfer of interest the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action." Under these provisions of the statute, the supreme court of California has settled the construction that in an action to recover the possession of land, the action may proceed in the name of the original party, after a conveyance to a stranger pendente lite, and that such conveyance is no defense against a recovery of possession. Moss v. Shear, 30 Cal. 474, 475. The change in the common law, by which a party out of possession is authorized to convey his lands, rendered this change in the practice necessary, otherwise it would often happen, as was the case in Moss v. Shear, and, as is the case in this action, the statute of limitations would bar an action by the grantee before he could have an opportunity to bring his action, or even before the conveyance to him. If the pending action could not be continued in the name of the original party, or the grantee be substituted, the title might be cut off by the statute even while the litigation is going on. Without such a provision in the Code of Procedure, the owner of lands in the possession of another, would lose much of the advantage of the provision of the statute allowing him to convey while out of possession.

This is a very important consideration in this state, where the statutory period is extremely short. According to my judicial experience and observation, the only cases in which attempts have been made to set up a conveyance to strangers to the suit pendente lite, to defeat a recovery, have been cases where the defendants have been in a position to avail themselves of the statute of limitations, in case they could defeat the pending action in the name of the grantor, and compel the grantee to bring a new action. Be this as it may, the questions now under consideration depend upon the provisions of the state statute referred to, and that construction is settled by the highest court of the state, and is controlling in this court. Tioga R. Co. v. Blossburg & C. R. Co., 20 Wall. [87 U. S.] 137.

The change of the language in section 4 of the old practice act, when carried into the new Code, does not in my judgment affect the question. The case is governed by the other provisions cited. But if it did, the change cannot be construed to apply to cases already pending, wherein a party would be liable to lose his right of action altogether under the statute of limitations if his right to recover in the pending action be cut off, and he be compelled to bring a new suit. Besides, section 4 doubtless refers to the commencement of a suit, not to its continuance after it has been properly commenced.

As to the said judgment in the case of Vance v. Lincoln [38 Cal. 586], sought to be set up as an estoppel in the second proposed supplemental answer. It will not be necessary, under the view I take, to consider how far that judgment could under any circumstances affect this action. It is enough to say that the first judgment in this present action, which was adjudged in that case to estop Vance from relitigating the title, has since the entry of that judgment been itself vacated on appeal, and if it ever could be an obstacle, it no longer stands in the way of an inquiry into the merits of his title. The judgment in Vance v. Lincoln [supra], cannot stand in the way, for it is only evidence that at the time of its entry there was a judgment in existence which estopped the parties from further litigation. It does not touch or affect subsequent changes in the condition of things. Since that time there has been a change, and the judgment upon which the

judgment in Vance v. Lincoln proceeded has been vacated. The reversal of that judgment is not merely a destruction of the evidence upon which the case of Vance v. Lincoln was tried, but a change in the state of the facts themselves. The record in Vance v. Lincoln shows that the judgment proceeded alone on the estoppel of the prior judgment in this case, which has since been set aside, and we are now proceeding to try the case again in pursuance of the mandate of the supreme court.

The record in the case of Vance v. Lincoln is conclusive evidence that, at the time of its entry, Vance was estopped from further litigating the title to the land in controversy, while the record in this case now in progress is also conclusive evidence that, since the judgment in that action, the estoppel therein adjudged has been annulled and removed, and that there is nothing to preclude an examination into the title of Vance and his grantees, and especially nothing to preclude such examination in this particular action.

But these matters now sought to be set up in supplemental answers necessarily came to the knowledge of the defendants some eight years before they offered to set them up, for the judgment in Vance v. Lincoln, in which they were determined in their favor, bears date April 18, 1868. More than four years after that time, this case was tried again, and has since been to the supreme court and returned for another trial; yet no effort was made to set up these defenses till the present motion, notice of which was given in the latter part of January, 1876. A supplemental answer is in the nature of a plea puis darrein continuance under the old practice, which it was necessary to plead at the first opportunity, and before the next continuance, and could only be pleaded at a later date by leave granted by the court in its discretion, upon showing a satisfactory excuse for the negligence. The ends of justice, I think, require the same rule to be applied in the case of supplemental answers, and this very case affords a striking illustration of the propriety, not to say the necessity, of such a rule. Both of the defenses sought to be set up, if they could, under any circumstances, be regarded as valid defenses, are purely technical and without substantial merit; and upon the hypothesis that the plaintiff or his grantee really has the title, it would work a transfer of the property of the plaintiff or his grantee to the trespasser upon his rights, and therefore be grossly inequitable if they should prevail. Upon the first defense, if this action should be defeated, the right of action of Vance, the grantee of French, and Reynolds, his grantee, is barred by the statute of limitations, and Vance, as shown by the said judgment in Vance v. Lincoln, never was in a position to maintain an action in his own name till his action was barred or might have been barred. If the second defense should prevail, then the plaintiff and his

grantors will lose their land, no matter how good their title may be, without ever having had an opportunity to have their title in fact finally adjudicated. Thus, in either event, the defendants, by wrongfully taking possession of plaintiff's property and skillful and adroit management of pretended defenses, would, after putting the plaintiff to the trouble and expense of years of litigation, in process of time not only defeat his action, but actually, by this iniquitous process, acquire the title to his property. That defenses which are liable to work such results are entitled to no favorable consideration at the hands of a court of justice, needs no argument to demonstrate, and such are the proposed defenses in this case. That plaintiff has some ground, at least, to prosecute this action, may, for the purposes of this motion, be inferred from the fact that Vance actually established his title and recovered, in said case of Vance v. Lincoln, against those defendants who were not in a position to avail themselves, or did not avail themselves, of the estoppel of the first judgment entered in this case, and, so far as the record shows, was only defeated as to the defendants in this action by being precluded by the said judgment in this action from any investigation of their title. In the first trial, which took place before I had the honor to preside in this court, the plaintiff was defeated by a tax deed which the supreme court held to be void. On the second trial he was defeated by a purely technical defense, which this court reluctantly sustained. The supreme court reversed the judgment upon a point which, doubtless, fairly arose on the record, but which did not occur to counsel in this court, was not suggested at the trial, and, consequently, was never passed upon or considered by this court, while the only point decided by this court, and intended by the court and counsel who tried this case to be presented by the record to the supreme court, was not considered at all by the appellate court. The same point, however, was decided in another case by the supreme court at the same term in the same way as by this court in this case. Schulenberg v. Harriman, 21 Wall. [88 U. S.] 63. I do not regret, however, that the counsel on appeal and the supreme court found a point upon which the judgment could be reversed as to this technical defense, and the case remanded for retrial upon its real merits. I think, however, after so many years' neglect on the part of the defendants to set up their proposed technical and inequitable defenses, in view of all the circumstances of this case, that, even conceding them to be good defenses, if they had been set up in time, which I do not in fact admit, the court in the exercise of a sound discretion, is fully justified in denying leave to file these supplemental answers at this late date on the ground of laches.

The motion for leave is therefore denied, both on the ground of laches and the ground

that the matters sought to be set up do not constitute defenses to the action.