:108   81|
|113   431|

[No. 19575.   Department Two.—July 11, 1895.]

## FRANK SABICHI ET AL., APPELLANTS, *v.* DELIA W. CHASE, RESPONDENT.

ASSIGNMENT FOR BENEFIT OF CREDITORS—PREFERENCE OF CREDITORS—CON-
STRUCTION OF CODE.—The provisions of section 3432 of the Civil Code,
allowing a debtor to pay one creditor in preference to another, or to
give to one creditor security in payment of his demand in preference
to another, must be construed in connection with the provisions of sec-
tion 3457 of the same code, that an assignment for the benefit of cred-
itors is void as against any creditor of the assignor not consenting
thereto, if it gives a preference of one debt or class of debts over
another, and the law must be construed as virtually saying to the
debtor that he may give a preference by paying or securing a creditor,
but such preferred payment or security must not take the form of an
assignment for his benefit.

ID.—DISTINCTION between mortgage and such an assignment considered.

ID.—VOID TRUST FOR BENEFIT OF PORTION OF CREDITORS—INTEREST OF
GRANTOR IN SURPLUS.—A conveyance to a trustee for the benefit of
certain creditors of the grantor, to the exclusion of other creditors not
assenting thereto, is, in legal effect, a void assignment for the benefit of
the creditors specified, the debtor having divested himself of the title to
the property, and of all control over it, and the fact that the convey-
ance provides for the payment of the surplus, if any, after the debts

CVIII. CAL.—6

are paid, to the grantor, does not distinguish the contract as one of security only, but the reservation of an interest in the surplus merely, and not in the property itself, marks the transaction more clearly as an assignment for the benefit of creditors.

ID.—RIGHT OF CREDITOR SECURED BY MORTGAGE.—The fact that a creditor not included in the assignment, nor consenting thereto, is secured by mortgage does not prevent such creditor from having a right to object to the assignment, but the statute renders the assignment void as against any creditor of the assignor not assenting thereto, without any exception, express or implied, as to creditors secured by mortgage.

APPEAL from a judgment of the Superior Court of Los Angeles County. LUCIEN SHAW, Judge.

The facts are stated in the opinion of the court.

*E. E. Powers,* and *Brewton A. Hayne,* for Appellants.

The agreement and deed of trust were intended as security for the payment of debts of the creditors named, and the preference of creditors was lawful. (Civ. Code, secs. 3432, 3451; *Priest* v. *Brown,* 100 Cal. 626; *McCord etc. Co.* v. *Garrison* (Col. App., May 28, 1894), 37 Pac. Rep. 31; *Dana* v. *Stanford,* 10 Cal. 269; *Lawrence* v. *Neff,* 41 Cal. 566; *In re Luce,* 83 Cal. 303; *Ross* v. *Sedgwick,* 69 Cal. 247, 251; *La Point* v. *Boulware,* 104 Cal. 264; *Dyer* v. *Bradley,* 89 Cal. 563; *Collins* v. *Sanger* (Tex. Civ. App., June 20, 1894), 27 S. W. Rep. 500; *Preston* v. *Carter,* 80 Tex. 388; *Watterman* v. *Silberberg,* 67 Tex. 100; *National Bank* v. *Sprague,* 20 N. J. Eq. 13; *Davis* v. *Hilbourn,* 41 Neb. 35; *Hamilton* v. *Isaacs,* 34 Neb. 709; *Jones* v. *Loree,* 37 Neb. 816; *Hargadine* v. *Henderson,* 97 Mo. 375; *Cadwell's Bank* v. *Crittenden,* 66 Iowa, 237; *Lyon* v. *Ballentine,* 63 Mich. 99; 6 Am. St. Rep. 284; *Warner* v. *Littlefield,* 89 Mich. 329; *Sheldon* v. *Mann,* 85 Mich. 265; *Weber* v. *Childs,* 90 Mich. 498; Jones on Mortgages, sec. 353; *Martin etc. Co.* v. *Siebe* (Tex. Civ. App., Jan. 3, 1894) 26 S. W. Rep. 327; *Hosmer* v. *Farley* (N. H., March 11, 1892), 27 Atl. Rep. 223.) The respondent, being secured by mortgage upon a debt not due, was not such a creditor as could complain. (Code Civ. Proc., sec. 726; *Wilhoit* v. *Lyons,* 98 Cal. 412; *Porter* v. *Muller,* 65 Cal. 512; *Bull* v. *Coe,* 77 Cal. 59; 11

Am. St. Rep. 235; *Bartlett* v. *Cottle,* 63 Cal. 366; *Biddel*
v. *Brizzolara,* 64 Cal. 362; *Barbieri* v. *Ramelli,* 84 Cal.
157.)

*C. W. Chase,* for Respondent.

The agreement was, in legal effect, an assignment for
the benefit of creditors, which was void as giving a pref-
erence. *(McCord etc. Co.* v. *Garrison* (Col. App., May
28, 1894), 37 Pac. Rep. 31; *Parke & Lacy Co.* v. *White
River Lumber Co.,* 101 Cal. 37; *Heryford* v. *Davis,* 102
U. S. 235; Perry on Trusts, sec. 589; *Foreman* v. *Burnette,*
83 Tex. 396; *Hargadine* v. *Henderson,* 97 Mo. 384; *Crowe*
v. *Peters,* 63 Mo. 435; *Hoffman* v. *Mackall,* 5 Ohio St.
124; 64 Am. Dec. 637; *Preston* v. *Carter,* 80 Tex. 388;
*Johnson* v. *Robinson,* 68 Tex. 400; *Robson* v. *Tomlinson,* 54
Ark. 229; *Kohn* v. *Clement,* 58 Iowa, 593; *Watterman* v.
*Silberberg,* 67 Tex. 100; *Dana* v. *Stanford,* 10 Cal. 275;
*Wellington* v. *Sedgwick,* 12 Cal. 475; 1 Am. & Eng. Ency.
of Law, 848, 855; Burrill on Assignments, 6th ed., sec.
2; Pingrey on Mortgages, sec. 69.)     Respondent was a
creditor who could complain of the assignment.     (Civ.
Code, sec. 3457; *Scott* v. *Hartman,* 26 N. J. Eq. 89.)

BRITT, C.—From the agreed statements of facts on
which this case was submitted in the court below it
appears that G. A. Clark and C. H. Humphreys, part-
ners, engaged in business at the city of Los Angeles
under the firm name of Clark & Humphreys, being in
failing circumstances, both as individuals and as a part-
nership, entered into a written contract of date Decem-
ber 15, 1892, with the plaintiffs Sabichi, Minor and Holt,
as trustees, and ten named creditors of Clark & Hum-
phreys, by the terms of which contract Clark and Hum-
phreys agreed to convey all their property, partnership
and individual, to said trustees, " in trust to be collected,
sold, and disposed of, and converted into money, and
divided ratably" among said designated creditors, the
surplus, if any, to be returned to Clark and Humphreys.
By the terms of this agreement it was also stipulated

that, upon the execution of such conveyance, Clark and Humphreys should be released from all liability to said creditors; that the trustees might borrow money on certain of the property; purchase outstanding claims against the partnership; carry on the business of the firm and employ assistants for that purpose; sell real and personal property on such terms as they might deem best; call a meeting of the creditors named every six months during the continuance of the trust, and report their proceedings to such meeting; and receive a reasonable compensation for their services. Such agreement was signed by all the said parties thereto, and by a number of other persons not named as parties therein, but who were also creditors of said partnership, and the trustees were chosen by Clark and Humphreys in conjunction with all the said creditors.

Accordingly, on December 17, 1892, Clark and Humphreys, individually and as copartners, executed a conveyance (styled on its face a deed of trust) of all their property, real and personal, to said trustees, the plaintiffs here. Such conveyance recited the said contract of December 15th, and purported to be made in consideration thereof, and to transfer the property described "in trust in accordance with" such contract; the deed was recorded in the recorder's office of Los Angeles county December 19, 1892. The plaintiffs accepted the trust and took possession of all, or the greater part, of the property conveyed.

Defendant Chase held the promissory note of Clark and Humphreys secured by mortgage on land in Los Angeles county, a parcel of that conveyed to said trustees, which mortgage was of record in said recorder's office at the time of the transactions above stated; the note fell due August 15, 1893, and was not paid. The holder instituted an action to enforce payment and for the foreclosure of the mortgage; she obtained judgment and caused the mortgaged land to be sold for the satisfaction thereof; the proceeds of the sale were insufficient for that purpose, and on January 15, 1894, judgment

against Clark and Humphreys was docketed in said action for the deficiency, amounting to $1,532.51; execution issued thereon, and under that writ the sheriff levied on and sold to said Delia W. Chase a portion of the other lands previously conveyed to said trustees by the deed of December 17, 1892. Defendant Chase never assented to such transfer in trust. The parties agree that the said instruments of December 15 and December 17, 1892, respectively, were executed upon valuable and adequate consideration and without actual fraud; the consideration moving to Clark and Humphreys seems to have been the release of their debts owed to the preferred creditors. The dispute here relates to the land sold under said execution. The superior court declared by its judgment that the defendant has the better right to such land; that as to her the said agreement of December 15, 1892, and the deed made to plaintiffs in pursuance thereof, are of no effect. Plaintiffs appeal.

By the settled rule of the common law, now expressed in our code, "a debtor may pay one creditor in preference to another, or may give to one creditor security for the payment of his demand in preference to another" (Civ. Code, sec. 3432); but, parallel with this principle and to be construed with it, is the rule of more recent legislative policy, that "an assignment for the benefit of creditors is void against any creditor of the assignor not consenting thereto, in the following cases: 1. If it give a preference of one debt or class of debts over another," etc. (Civ. Code, sec. 3457.) The law virtually says to the embarrassed debtor, ' You may pay or secure any creditor and thus give him a preference; but your preferential payment or security must not be cast in the form of an assignment for his benefit.' The question for decision, therefore, is whether the said instruments of December, 1892, constituted an assignment for the benefit of creditors within the meaning which the law attaches to those terms; if so, then plaintiffs concede that it was invalid because violative of the statutory

regulations of such transfers. (Civ. Code, secs. 3449–73.) The statute attempts no definition of such assignments; but there are qualities (not so well ascertained, perhaps, as is desirable) which, when appearing in an instrument of transfer, characterize it as among those required to conform to the statute on the subject of those assignments or else be treated as void. It is the theory of the appellants that the trust deed here "was in the nature of a mortgage to secure the debts of the named creditors." The distinction between such an instrument and an assignment for the benefit of creditors has been thus stated: " If the conveyance is to a trustee, and the debtor intends to divest himself, not only of the title to the property, but of all control over it; if it is intended as an absolute conveyance of all of his property, and is made for the purpose of securing a distribution of its proceeds among his creditors, or a portion of them, in legal effect it is an assignment for the benefit of creditors, no matter what name or designation the parties may have given it. On the other hand, if the intention of the debtor is merely to secure his debt to one or more of his creditors, and the conveyance is not intended as an absolute disposition of his property, but he reserves to himself a right therein, the conveyance will be treated as a mortgage, even though the debtor is insolvent at the time and it covers all his property and but a portion of his debts are secured by it." (*Cadwell's Bank* v. *Crittenden*, 66 Iowa, 240, 241.) And this seems to be a fair statement of the result of the authorities upon this much vexed question, though great diversity is found in the adjudged cases, due largely to the differences which obtain in the statutes of the several states which have sought to regulate or suppress the evils supposed to arise from the unrestricted right to make preferential assignments allowed by the common law. (See *May* v. *Tenney*, 148 U. S. 64.) "The material and essential characteristic of a general assignment is the presence of a trust"; (*Brown* v. *Guthrie*, 110 N. Y. 441; Burrill on Assignments, sec. 3); and

while it cannot be said that every transfer of property to trustees for the benefit of creditors is an assignment within the statute (*Lawrence* v. *Neff*, 41 Cal. 566; *Handley* v. *Pfister*, 39 Cal. 283; 2 Am. Rep. 449; *Priest* v. *Brown*, 100 Cal. 626), yet, when a continuing trust is created presenting the features prominent in this case, we think it must be held that the transfer is such an assignment as the legislature designed to regulate by the provisions of the code (Civ. Code, secs. 3449–73); if not, then those provisions would as well be repealed.

It has been several times assumed in this court that such a trust indicates an assignment of that nature. (*Dana* v. *Stanford*, 10 Cal. 269; *Wellington* v. *Sedgwick*, 12 Cal. 469; *Saunderson* v. *Broadwell*, 82 Cal. 132, 133.) The provision that a surplus of proceeds remaining after satisfaction of the claims of the creditors named should be returned to the grantors does not, as supposed by appellants, distinguish the contract as one of security only. (*Hall* v. *Denison*, 17 Vt. 318; *Lochte* v. *Blum*, Tex. Civ. App., April 10, 1895; 30 S. W. Rep. 925.) The reservation of an interest in the possible surplus—not in the property itself—marks the transaction more clearly as an assignment for the benefit of creditors. (*Kenefick* v. *Perry*, 61 N. H. 364.)

Appellants argue that defendant ought not to be considered a creditor having the right to object to the assignment, for the reason that at the date thereof her demand against the assignors was not yet susceptible of enforcement against them personally, she being required to first foreclose the mortgage. But the statute renders void such transfers " against any creditor of the assignor not assenting thereto." (Civ. Code, sec. 3457.) No exception of creditors secured by mortgage is expressed, nor does the reason assigned warrant the implication of one.

The judgment should be affirmed.

VANCLIEF, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

MCFARLAND, J., TEMPLE, J., HENSHAW, J.

Hearing in Bank denied.