[Civ. No. 26894. First Dist., Div. One. Oct. 21, 1970.]

DEVELOP-AMATIC ENGINEERING, Plaintiff and Appellant, v. REPUBLIC MORTGAGE CO. et al., Defendants and Respondents.

## COUNSEL

Field, De Goff, Huppert & Maguire and Peter A. Huppert for Plaintiff and Appellant.

Langer & Simpson, Cooley, Crowley, Gaither, Godward, Castro & Huddleson and J. C. Simpson for Defendants and Respondents.

## OPINION

**MOLINARI, P. J.**—Plaintiff corporation appeals from a judgment following a court trial by which it was ordered that plaintiff take nothing by its complaint. The action was one for declaratory relief, accounting, and an injunction seeking to have a deed absolute in form declared to be a mortgage in fact, and that title be quieted for plaintiff against sundry defendants.

Plaintiff owned some 355 acres of real property in Sonoma County. This property was encumbered by a $300,000 deed of trust in favor of defendant bank. In dire financial straits and faced with an impending foreclosure of the parcel, plaintiff entered into a transaction with defendant Republic Mortgage Co., a corporation (hereinafter referred to as "Republic"), whereby plaintiff sold the subject property to Republic for $450,000 in order to provide sufficient funds to satisfy the deed of trust and to provide working capital for plaintiff's business. The fair market value of the property at that time was $900,000. As part of the agreement of sale Republic granted plaintiff a two-year repurchase option at a price of $650,000. This option was transferable. The agreement provided that all leases on the property were to be assigned to Republic and that all taxes on the property were to be paid by Republic.

As part of the subject transaction, Republic borrowed $200,000 from defendant bank pursuant to a promissory note secured by a deed of trust on the subject property. An outstanding lease to Mr. and Mrs. Ralph Bettinelli was assigned to Republic. This lease has since been renewed and extended. Upon the consummation of the transaction Republic took possession of the property and has ever since collected rents therefrom, paid taxes thereon and maintained insurance on the property.

Thereafter, Republic extended plaintiff's time to repurchase the property to June 1, 1967. On July 6, 1966, plaintiff assigned its option to one Tebrock who, on June 1, 1967, reassigned it to plaintiff without receiving any consideration therefor. The option was never exercised.

The instant action was filed on June 1, 1967, the same day the option was reassigned by Tebrock to plaintiff. Thereafter, and prior to trial, plaintiff filed a chapter XI proceeding in bankruptcy without any mention of any interest in the subject property or scheduling any debt owing to Republic.

 On these facts and the reasonable inferences that may be drawn from them we perceive that there is substantial evidence supporting the trial court's conclusion that the deed transaction was a bona fide sale rather than a mortgage. Our determination is predicated upon the well-known principle that our inquiry as an appellate court begins and ends with whether there is any evidence, contradicted or otherwise, which directly or by reasonable inference supports the lower court's conclusion. (*Green Trees Enterprises, Inc.* v. *Palm Springs Alpine Estates, Inc.,* 66 Cal.2d 782, 784 [59 Cal.Rptr. 141, 427 P.2d 805].)

 Before proceeding to analyze the facts we deem to constitute substantial evidence of a sale, we observe that there is a presumption that a

deed absolute in form is just what it purports to be. (Civ. Code, § 1105; *Cavanaugh* v. *High*, 182 Cal.App.2d 714, 718 [6 Cal.Rptr. 525]; *Anderson* v. *Associated Inv. Co.*, 219 Cal.App.2d 206, 211 [32 Cal.Rptr. 921]; *Wilcox* v. *Salomone*, 118 Cal.App.2d 704, 710 [258 P.2d 845].) This presumption is stated in Civil Code section 1105 as follows: "A fee simple title is presumed to be intended to pass by a grant of real property, unless it appears from the grant that a lesser estate was intended." This statute establishes a rebuttable presumption. (Evid. Code, § 602.) This presumption is one affecting the burden of proof since it is a presumption which, in addition to the policy of facilitating the trial of actions, is established to implement the public policy favoring the stability of titles to property. (See Evid. Code, § 604; and Law Revision Com. comment thereto.) Accordingly, the effect of this presumption was to impose upon plaintiff the burden of proving the nonexistence of the presumed fact, i.e., that the grant deed conveyed a fee simple title to Republic. (See Evid. Code, § 606.) This he could do by parol evidence (*Workmon Constr. Co.* v. *Weirick*, 223 Cal. App.2d 487, 490 [36 Cal.Rptr. 17]; *Greene* v. *Colburn*, 160 Cal.App.2d 355, 358 [325 P.2d 148]; *Borton* v. *Joslin*, 88 Cal.App. 515, 520 [263 P. 1033]; see Civ. Code, §§ 1105, 2925), but in order to meet his burden of proof plaintiff was required to produce clear and convincing evidence. (*Beeler* v. *American Trust Co.*, 24 Cal.2d 1, 7 [147 P.2d 583]; *Spataro* v. *Domenico*, 96 Cal.App.2d 411, 413 [216 P.2d 32]; *Cavanaugh* v. *High*, *supra*, 182 Cal.App.2d 714, 718; *Borton* v. *Joslin*, *supra*, at p. 520; see Legislative Com. comment to Evid. Code, § 606.) ■ Whether the evidence carries that much weight is for the trial judge and not the court of review. (*Beeler* v. *American Trust Co.*, *supra*; *Cavanaugh* v. *High*, *supra*; *Spataro* v. *Domenico*, *supra*.) "On appeal the question is governed by the substantial evidence rule like any other issue of fact." (*Cavanaugh* v. *High*, *supra*, at p. 718; *Beeler* v. *American Trust Co.*, *supra*; *Borton* v. *Joslin*, *supra*.)

■ In the instant case the following facts are significantly suggestive of a sale rather than a mortgage. There was no express mention that the transaction was in fact a mortgage, but, rather, such suggestion appears to have been the unilateral and undisclosed intent of plaintiff. Such secretive intent cannot be used to belie the apparent status of the conveyance transaction. (*Workmon Constr. Co.* v. *Weirick*, *supra*, 223 Cal.App.2d 487, 492; *Mealy* v. *Sunland Refining Corp.*, 96 Cal.App.2d 700, 703 [216 P.2d 59].) Moreover, there is evidence that Republic expressly apprised plaintiff that it would not enter into a simple loan security transaction. In addition, we observe that plaintiff had the power to assign the buy-back option. After the conveyance, Republic went into possession, collected rents, paid taxes, and encumbered the property by securing a bank loan, thus exercising

the rights normally consistent with ownership. Of significance is the fact that plaintiff did not list the subject property as an asset in its bankruptcy schedule. Finally, there appears to be no surviving debt owed by plaintiff to Republic. Such a factor has been held to gravitate against a mortgage status. (*Beeler* v. *American Trust Co.*, *supra*, 24 Cal.2d 1, 17-18; *Spataro* v. *Domenico*, *supra*, 96 Cal.App.2d 411, 413; *Workmon Constr. Co.* v. *Weirick*, *supra*, at p. 492.) Of significance, in this regard, is the fact that plaintiff did not list Republic as one of its creditors in its bankruptcy schedule.

Plaintiff argues that the marked discrepancy between the fair market value of the property and its contractual sales price is singularly and favorably dispositive. ■ Such a discrepancy, although strongly indicative of a security status, is not controlling, but one among many factors to be properly considered by the trial court ■ Indeed, *all* facts and circumstances surrounding the transaction must be weighed, reviewed and considered in determining the intent of the parties. (*Greene* v. *Colburn*, *supra*, 160 Cal.App.2d 355, 358; *Wilcox* v. *Salomone*, *supra*, 118 Cal. App.2d 704, 710; *Cavanaugh* v. *High*, *supra*, 182 Cal.App.2d 714, 717-718; *Workmon Constr. Co.* v. *Weirick*, *supra*, 223 Cal.App.2d 487, 490-491.) We observe here that in *Workmon*, on facts paralleling those in the present case, the conveyance transaction was held not to be a mortgage. There, the grantor, in anticipation of an impending foreclosure on her property, conveyed title to the grantee, who had no interest in a loan transaction, in return for a money and buy-back option.

■ Plaintiff also contends that the trial court's judgment was based on bias and prejudice predicated upon the following circumstances: After the respective parties had made their closing arguments, the court verbalized its intended decision. In so doing, the court stated, among other things, that it found the value estimates of the property adduced during trial[1] difficult to believe and that it felt it would take "a lot of money" to make such property marketable. The court further stated that although it accepted a value of $900,000, it felt such figure was more than the property could or would be sold for.

Plaintiff asserts that these statements indicate that the court ignored the evidence adduced on the dispositive issue of the disparity between the fair market value of $900,000 and the $450,000 consideration for the conveyance and that, therefore, it did not consider evidence strongly indicative that a mortgage rather than a sale was intended. In considering this

---

[1]During the trial, there was testimonial opinion that the fair market value of the subject property at the time of the incident transaction was (1) $900,000, (2) $1,200,000, and (3) $1,552,000.

contention we note, in preface, that plaintiff, as it did in its motion for a new trial below, argues the existence of the bias and prejudice covered by Code of Civil Procedure section 170, subdivision 5. That statute provides, in pertinent part, that a judge is disqualified to sit or act in an action or proceeding, "When it is made to appear probable that, by reason of bias or prejudice of such . . . judge a fair and impartial trial cannot be had before him." We here observe that plaintiff did not move to disqualify the trial judge in the court below, as provided by said statute, but urged such bias or prejudice for the first time in its motion for a new trial.

■ The disqualification of a judge provided for in Code of Civil Procedure section 170 must be asserted at the "earliest practicable opportunity" after learning of the grounds therefor, otherwise it is deemed waived. (*Muller* v. *Muller,* 235 Cal.App.2d 341, 345 [45 Cal.Rptr. 182]; *Caminetti* v. *Pac. Mutual L. Ins. Co.,* 22 Cal.2d 386, 391 [139 P.2d 930]; *Mayo* v. *Beber,* 177 Cal.App.2d 544, 549 [2 Cal.Rptr. 405].) ■ Here plaintiff could have urged such disqualification at the time the court made its comments. (See *Muller* v. *Muller, supra,* at p. 347; *Oak Grove School Dist.* v. *City Title Ins. Co.,* 217 Cal.App.2d 678, 703 [32 Cal.Rptr. 288].) Plaintiff failed to do so. Accordingly, he waived any claimed grounds of disqualification since he could not gamble on a favorable judgment and then move for disqualification upon receiving an adverse judgment. (See *Keating* v. *Superior Court,* 45 Cal.2d 440, 446-447 [289 P.2d 209]; *Mayo* v. *Beber, supra,* at p. 552; *People* v. *Tappan,* 266 Cal.App.2d 812, 817 [72 Cal.Rptr. 585].)

■ We observe, moreover, that the question of bias or prejudice on the part of the trial judge cannot be raised on a motion for new trial. (*Estate of Friedman,* 178 Cal. 27, 39 [172 P. 140].) As observed in *Friedman,* bias or prejudice is not an irregularity but a condition of mind which may only be taken advantage of by the method prescribed in Code of Civil Procedure section 170. (At p. 39.) However, evidence of the trial judge's conduct during the trial may be shown as evidence of irregularities preventing a fair trial. (*Estate of Friedman, supra.*) Pursuant to the provisions of subdivision 1 of Code of Civil Procedure section 657, a new trial may be granted for "Irregularity in the proceedings of the court . . . by which either party was prevented from having a fair trial." This ground was urged in the instant case.

■ Included in the classification of irregularities within the purview of subdivision 1 of Code of Civil Procedure section 657 is an overt act of the judge which prevents the complaining party from having a fair and impartial trial. (*Gray* v. *Robinson,* 33 Cal.App.2d 177, 182 [91 P.2d 194].) Such irregularity must be shown by affidavits presented in conjunction with a

motion for new trial. (Code Civ. Proc., § 658; *Estate of Friedman, supra,* 178 Cal. 27, 39; *Gray* v. *Robinson, supra,* at p. 183.) On such motion the determination is made with reference to the course of conduct alleged to constitute an irregularity violative of a right to a fair and impartial trial and it is immaterial whether or not the irregularity resulted from bias or prejudice. (*Estate of Friedman, supra.*)

■ Upon the question as to whether the declaration of plaintiff in support of its motion for a new trial shows any irregularities in the conduct of the court, we hold that it does not. We note first that although the trial judge made the comments above recited, he also stated that he was well aware that the subject property had greatly appreciated in value from the time upon which his assessment of value was predicated. Such statement belies somewhat plaintiff's contention that the court ignored the value estimates adduced. Of much more significance, however, is the fact that in its findings the court did accept the $900,000 valuation placed on the property by a witness for defendant. Accordingly, we presume that what plaintiff is attempting to do is to impeach the trial court's findings by remarks made by the trial court from the bench. ■ This plaintiff cannot do since the findings supersede any opinion the judge may have expressed. (*Offer* v. *McMillan,* 101 Cal.App.2d 840, 841 [226 P.2d 380]; *Muther* v. *Muther,* 212 Cal.App.2d 778, 781 [28 Cal.Rptr. 200]; *McCracken* v. *Teets,* 41 Cal.2d 648, 651-652 [262 P.2d 561].) Plaintiff's assertion, at best, is a matter of surmise and conjecture, and we are entitled to presume that the judgment rests on the strength of the trial court's findings and not upon any remarks made from the bench.

■ The granting or denial of a new trial is a matter which rests largely in the discretion of the trial court and will not be disturbed except on a manifest and unmistakable abuse of that discretion. (*McFarland* v. *Voorheis-Trindle Co.,* 52 Cal.2d 698, 707 [343 P.2d 923]; *Ballard* v. *Pacific Greyhound Lines,* 28 Cal.2d 357, 359 [170 P.2d 465].) ■ Here plaintiff has not sustained its burden of showing that the court abused its discretion. (See *Yarrow* v. *State of California,* 53 Cal.2d 427, 434 [348 P.2d 687].)

The judgment is affirmed.

Sims, J., and Elkington, J., concurred.